862 F.2d 320
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PARKER'S MECHANICAL CONTRACTORS, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1327.
 United States Court of Appeals, Federal Circuit.
 Oct. 7, 1988.
 
 Before BISSELL, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Armed Services Board of Contract Appeals, Parker's Mechanical Contractors, Inc., ASBCA No. 32842, 88-1 B.C.A. (CCH) p 20,472 (1987), denying the claim of Parker's Mechanical for an equitable adjustment is reversed.
 
 OPINION
 
 2
 The Board erred in concluding that the "isolated and contained" language required Parker's Mechanical to deal with the sewage influent during the renovation work. Government "[c]ontracts are viewed in their entirety and given the meaning imputed to a 'reasonably intelligent contractor' acquainted with the involved circumstances...." Zinger Constr. Co. v. United States, 807 F.2d 979, 981 (Fed.Cir.1986) (citations omitted). The Board pointed to no evidence demonstrating that the contracting officer's decision reflected such an interpretation. Instead, the Board ignored the proper standard and incorrectly read its own meaning into the contract. The undisputed evidence, on the other hand, supports the conclusion that Parker's Mechanical's interpretation was that of a reasonably intelligent contractor acquainted with the involved circumstances. Other contractors who submitted bids did not read the contract as requiring the contractor to maintain the sewage flow during renovation. The Air Force engineer responsible for drafting the contract even recognized that "isolate" and "contain" are not synonomous with "maintain." To the extent that the contract was unclear, the Board suggested that the contractor should have inquired about the ambiguity. Where the ambiguity is latent there is no duty to inquire. Further, where the government has drawn the specifications, they must be construed against it when the contractor's interpretation is reasonable, as we have concluded.
 
 
 3
 Additionally, the Board's determination that the contract specifications were "of a performance nature" is unpersuasive. Merely attaching a "performance" label to the contract does "not independently create, limit, or remove a contractor's obligations." Id.